IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS G. STEARNS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>COMMISSIONER OF SOCIAL )<br>SECURITY, )<br>)<br>Defendant. ) | Case No. 13-cv-225-JPG |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Application for Attorney's Fees under the Equal Access to Justice Act (Doc. 23). Defendant, the Commissioner of the Social Security Administration, has not filed a response and the time for doing so has expired.

Pursuant to the Equal Access to Justice Act, the Court shall award attorney's fees and costs to a party who prevails in a civil action against the United States, "including proceedings for judicial review of agency action," unless the Court finds that the government's position was substantially justified. 28 U.S.C. § 2412(d)(1)(A). The hourly rate for attorney's fees "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The fees requested must be reasonable, and the claimant must provide an itemized statement from his or her attorney of the time expended on the case and the rate at which fees and other expenses were computed. 28 U.S.C. § 2412(b), (d)(1)(B).

Plaintiff in this case is the prevailing party. The Court's Order (Doc. 21) and Judgment (Doc. 22) reversed Defendant's final administrative decision that denied Plaintiff benefits. The case was remanded to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Counsel seeks a total of $4,539 based upon an hourly rate of $170 per hour and as set forth in his memorandum in support (Doc. 23, Ex. 1).  While the requested hourly rate exceeds the rate limitation expressed in 28 U.S.C. § 2412(d)(2)(A), the Court finds the requested rate reasonable and consistent with similar determinations within the Seventh Circuit.  See *Dresser v. Colvin*, 2013 WL 3287054 (S.D. Ill. 2013) (awarding $185.09 hourly rate for 2012 and $187.17 hourly rate for 2013); *Johnson v. Astrue*, 2011 WL2433498 (N.D. Ill. 2011) (awarding $173.75 hourly rate).

The Commissioner has not argued that her position was substantially justified or challenged the reasonableness of the hourly rate requested and the number of hours claimed.  Additionally, the Court considers Defendant's failure to respond to Plaintiff's Application to be an admission of its merits. SDIL-LR 7.1.  Therefore, the Court finds that Plaintiff is entitled to an award of attorney's fees and costs pursuant to the Equal Access to Justice Act and that the hourly rate and number of hours claimed are reasonable.

Plaintiff's Application for Attorney's Fees (Doc. 23) is hereby **GRANTED**.  The Court awards Plaintiff a total of **$4,539** as fees and costs.

Pursuant to *Astrue v. Ratliff,* 560 U.S. 586 (2010), the amount awarded is payable to the plaintiff and can be offset to satisfy a pre-existing debt the plaintiff owes the United States. However, any part of the award that is not subject to set-off to pay a pre-existing debt of Plaintiff's to the United States shall be made payable to Plaintiff's attorney pursuant to the Assignment of EAJA Fee previously executed by Plaintiff and his attorney. *See* Doc. 23, Ex. 4.

**IT IS SO ORDERED.**

**DATED:** April 4, 2014

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**